IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOYCE RAE FENDALL WILKINSON, as Personal Representative and Administratrix of the ESTATE of PAUL THOMAS WILKINSON, II, | ) ) ) ) Case No. C-1-01288 |
| Plaintiff, | ) ) Judge Beckwith |
| vs. | ) Magistrate Black ) ) JURY TRIAL DEMANDED |
| KATHRYN JEAN FAULEY, M.D.; MARY A. HANEBERG MERLING, M.D.; and CLINTON MEMORIAL HOSPITAL, | ) ) DESIGNATION OF PLACE OF ) TRIAL: Cincinnati, Ohio ) |
| Defendants. | ) ) ) |

## AMENDED COMPLAINT

Plaintiff, JOYCE RAE FENDALL WILKINSON, as Personal Representative and Administratrix of the ESTATE of PAUL THOMAS WILKINSON, II, for her claims against the above-named defendants, alleges and states:

## GENERAL ALLEGATIONS

1.  Plaintiff JOYCE RAE FENDALL WILKINSON is currently a citizen and resident of the state of Oregon and was a citizen and resident of the state of Oregon at the time the original complaint was filed on May 10, 2001. Plaintiff Joyce Rae Fendall Wilkinson was the natural parent, guardian and next friend of plaintiff Paul Thomas Wilkinson II, a minor, who was born on August 20, 1994, and who also was a resident of the state of Oregon, at the time of the original Complaint was filed and at the time of his death on January 4, 2004.

2.  On April 27, 2004, Plaintiff JOYCE RAE FENDALL WILKINSON was appointed personal representative and administratrix (executrix) of the estate of Paul Thomas Wilkinson II

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

by the Circuit Court of the State of Oregon for the County of Yamhill, Department of Probate. Pursuant to Ohio Revised Code. sections 2305.21 and 2311.21, the minor decedent's personal injury action survives and did not abate by his death.

3. Defendant KATHRYN JEAN FAULEY, M.D. (hereinafter referred to as "defendant Fauley") is a physician residing in the state of Ohio. At all times material hereto, and to which reference is made herein, defendant Fauley was practicing her profession in Wilmington, Ohio. Service may be made by serving defendant Fauley's counsel, Mary Ellen Spirito, Arnold & Associates, 115 W. Main St., Suite 200, Columbus, Ohio 43215-5085 by first class mail. At all pertinent times, a physician-patient relationship existed between defendant Fauley and plaintiff and decedent herein.

4. Defendant Fauley is a licensed, practicing physician. Defendant Fauley, in practicing medicine and in her care and treatment of patients, held and holds herself out to the general public as using that degree of care, skill, diligence and attention as used by physicians generally in the care and treatment of patients.

5. Defendant MARY A. HANEBERG MERLING, M.D. (hereinafter referred to as "defendant Merling") is a physician residing in the state of Ohio. At all times material hereto, and to which reference is made herein, defendant Merling was practicing her profession in Wilmington, Ohio. Service may be made by serving defendant Merling's counsel, Brian D. Goldwasser, Reminger & Reminger Co., LPA, 7 West 7th Street, Suite 1990, Cincinnati, Ohio 45202, by first class mail. At all pertinent times, a physician-patient relationship existed between defendant Merling and Paul Thomas Wilkinson, II.

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

6. Defendant Merling is a licensed, practicing physician. Defendant Merling, in practicing medicine and in her care and treatment of patients, held and holds herself out to the general public as using that degree of care, skill, diligence and attention as used by physicians generally in the care and treatment of patients.

7. Defendant Clinton Memorial Hospital, (hereinafter referred to as "defendant Clinton Memorial") is an Ohio health care facility located at 610 West Main Street, Wilmington, Ohio, 45177-2194. Service may be made by serving defendant Clinton Memorial Hospital's counsel, Dee Sheriff-MacDonald, Freund, Freeze & Arnold, 105 E. 4th, Suite 1400, Cincinnati, Ohio 45202, by first class mail.

8. At all times material hereto and to which reference is made herein, defendant Clinton Memorial was and is a health care provider facility that held and holds itself out to the general public as using that degree of care, skill, diligence and attention used by hospitals generally in the care and treatment of patients. Defendant Clinton Memorial charges a stipulated amount of money for its services to members of the general public who become patients in its hospital. Defendant Clinton Memorial has in its employ, or subject to its control, direction, and supervision, among others, physicians (including defendants Fauley and Merling herein), nurses, respiratory therapists, laboratory and other hospital personnel over which it exercises control, supervision and direction with the right to employ, discharge and/or supervise and direct. The negligence of said employees and/or agents is likewise the negligence of defendant Clinton Memorial.

9. The matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (fax)
www.huttonlaw.com

10. Jurisdiction of this Court is based on 28 USC 1332(a).

11. This Court has proper venue pursuant to 28 USC 1391(a).

## STATEMENT OF FACTS

Plaintiff hereby adopts by reference paragraphs one through eleven (1-11) and, in addition, states and alleges:

12. On February 22, 1996, plaintiff Joyce Rae Fendall Wilkinson first sought care and treatment at defendant Clinton Memorial's Prenatal Clinic. Thereafter, plaintiff Joyce Rae Fendall Wilkinson consulted and was cared for and treated by defendant Fauley and defendant Clinton Memorial throughout the prenatal period of her pregnancy. Plaintiff Joyce Rae Fendall Wilkinson first received care and treatment from defendant Fauley on February 24, 1996, at defendant Clinton Memorial's Prenatal Clinic.

13. Thereafter, plaintiff Joyce Rae Fendall Wilkinson received care and treatment from defendant Clinton Memorial and/or defendant Fauley on March 15, 1994, March 23, 1994, April 21, 1994, May 18, 1994, June 2, 1994, June 5, 1994, June 9, 1994, June 22, 1994, June 29, 1994, July 14, 1994, July 21, 1994, August 4, 1994, August 9, 1994, August 18, 1994, and August 20, 1994 through August 22, 1994.

14. Plaintiff Joyce Rae Fendall Wilkinson presented to defendant Clinton Memorial on August 20, 1994, at approximately 10:20 a.m., for the purpose of delivering her unborn child, Paul Thomas Wilkinson, II. At the time of her initial assessment, plaintiff Joyce Rae Fendall Wilkinson was 50-60% effaced, 3-4 centimeters dilated, with a -1 fetal station. The fetal heart tones were 140 beats per minute, and contractions were occurring every six minutes.

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

15. At 10:20 a.m., the nurse was unable to detect plaintiff's cervix, and defendant Fauley was notified.

16. At 10:30 a.m., defendant Fauley was again notified of plaintiff Joyce Rae Fendall Wilkinson's admission by defendant hospital employee Ohsen. At 11:10 a.m., a fetal deceleration was noted on the fetal heart monitor; and at 11:30 a.m., a variable deceleration in the fetal heart tone lasting ten seconds was recorded.

17. Defendant Fauley first presented to defendant Clinton Memorial at 11:40 a.m. to evaluate plaintiff Joyce Rae Fendall Wilkinson. At 11:45 a.m., plaintiff was having contractions every 3-4 minutes and was 50% effaced, with a 0 fetal station.

18. Thereafter, at 12:30 p.m., plaintiff Joyce Rae Fendall Wilkinson was having contractions every 3 to 6 minutes and was 50-60% effaced, with fetal heart tones of 130-140 per minute. At 1:30 p.m., plaintiff Joyce Rae Fendall Wilkinson was having contractions every 6 to 8 minutes and was 50-60% effaced, with fetal heart tones of 130-140 per minute.

19. At 2:01 p.m., a fetal deceleration down to 60 beat per minute and lasting two minute was recorded. Thereafter, oxygen was applied, and an intravenous fluid bolus was administered to plaintiff. At 2:04 p.m., the fetal heart tone was still in the low 100's. At 2:10 p.m., the fetal heart tones again declined to the 60's, and remained in the 60's until approximately 2:18 p.m. A fetal scalp electrode was placed by defendant Fauley at 2:22 p.m. Thereafter, the fetal heart tones were noted to be decreased to 90 beats per minute for the next two to three minutes. Plaintiff Joyce Rae Fendall Wilkinson was turned to her left side. At 2:40 p.m., fetal heart tones are noted to be 142-145 per minute, but the variability was noted to be decreased. At 2:50 p.m., plaintiff was noted to be having contractions every 6 minutes and was 50% effaced,

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

with a 0 fetal station. Another fetal heart deceleration is noted down to 100 beats per minute and lasting 60 seconds. At 2:55 p.m., the fetal heart tone is noted to be 90 beats per minute. At 3:00 p.m., the fetal heart tone is noted to be between 80 and 150 beats per minute. At 3:02 p.m., the fetal heart tone is noted to be 65 beats per minute, with absent variability. At this time, the fetal scalp electrode was changed, after which the fetal heart tone is again noted to be 65 beats per minute, with no recovery.

20.    An emergency cesarean section was ordered by defendant Fauley at 3:02 p.m. At 3:03 p.m., defendant Clinton Memorial's nursing supervisor was notified of the need for an emergency cesarean section and the need to contact the appropriate operative personnel. At 3:06 p.m., the fetal heart tones were 65 beats per minute, with absent variability. At 3:08 p.m., the fetal heart tones were down to 40 - 50 beats per minute, with absent variability. Plaintiff Joyce Rae Fendall Wilkinson was transferred to the operating room at 3:09 p.m. At 3:12 p.m., there were no detectable fetal heart tones; and at 3:16 p.m., there were no detectable fetal heart tones. The emergent cesarean section was started at 3:24 p.m. At 3:28 p.m., Paul Thomas Wilkinson, II, was born. Upon his birth, there were no heart tones, no respiratory effort and no muscle tone, and he was blue and limp. Thereafter, the pediatrician, defendant Merling, was handed the infant. The one minute APGAR score was 0. The five minute APGAR score was 3, and the ten minute APGAR score was 4.

21.    At twelve minutes of age, at 3:40 p.m., Paul Thomas Wilkinson, II, was intubated by defendant Merling. At 3:48 p.m., Paul Thomas Wilkinson, II, continued to be bag-breathed with 100% $O_2$, with occasional spontaneous respirations and movements. The infant remained limp with minimal response to pain.

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

22. The infant was thereafter transferred to defendant Clinton Memorial's nursery at 3:53 p.m. At 4:00 p.m., defendant Merling placed an umbilical artery catheter. At 4:30 p.m., Paul Thomas Wilkinson, II, was extubated. At 4:45 p.m., Paul Thomas Wilkinson, II, was transferred to Dayton Children's Hospital in Dayton, Ohio. At Dayton Children's Hospital, the neonatologists, Drs. J. Pietz and N. Guttenberg, felt Paul Thomas Wilkinson, II, had sustained perinatal asphyxia resulting in hypoxic ischemic encephalopathy. Paul Thomas Wilkinson, II's initial CT scan was normal; his follow-up CT scan indicated significant brain atrophy from neonatal asphyxia.

23. Until his death on January 4, 2004, Paul Thomas Wilkinson, II, had severe brain damage, significant neurologic abnormalities and significant developmental disabilities. Paul Thomas Wilkinson, II, required a gastrostomy feeding tube, a tracheostomy breathing tube and continuos skilled care. He had severe visual impairments and conductive hearing loss. Paul Thomas Wilkinson, II's profound injuries and damages were permanent and resulted in his death.

## COUNT I - CLAIM OF LIABILITY

### *Negligence Against Defendant Fauley, Defendant Merling and Defendant Clinton Memorial Hospital*

Plaintiff hereby adopts by reference paragraphs one through twenty-three (1-23) and, in addition, states:

24. On or about August 20, 1996, plaintiff Joyce Rae Fendall Wilkinson was admitted to defendant Clinton Memorial for the purpose of delivering Paul Thomas Wilkinson, II. At such time, plaintiff and Paul Thomas Wilkinson, II, received care and treatment from defendant Fauley, defendant Merling and defendant Clinton Memorial.

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

25.  During the prenatal period, labor, delivery, birthing process and neonatal period, the care, attention and treatment provided plaintiff and Paul Thomas Wilkinson, II, by defendant Fauley was negligent, careless and otherwise deviated from standard approved medical, obstetrical and perinatal standards and practices, resulting in severe, permanent and irreversible injuries and damages to Paul Thomas Wilkinson, II and the wrongful death of Paul Thomas Wilkinson, II.

26.  Defendant Fauley was careless, negligent and departed from standard approved medical, obstetrical and perinatal practices in the following respects, among others:

    a.    In negligently managing plaintiff Joyce Rae Fendall Wilkinson's prenatal care, labor and delivery;

    b.    In failing to timely and appropriately monitor, manage, supervise, direct and treat the plaintiff mother's labor and delivery;

    c.    In failing to perform necessary and indicated laboratory and investigative tests and examinations;

    d.    In ordering contraindicated medications and treatments;

    e.    In failing to timely, appropriately and correctly monitor and interpret the fetal heart monitor tracings;

    f.    In failing to timely recognize and appropriately treat fetal distress;

    g.    In failing to timely and appropriately order the emergent delivery of Paul Thomas Wilkinson, II;

    h.    In negligently mismanaging Paul Thomas Wilkinson, II's care immediately after his birth, including, but not limited to, failing to intubate the newborn in a timely, prompt manner and failing to perform a cord blood gas analysis and evaluation;

    i.    In failing to order and/or maintain a report of the performance of a placenta pathology analysis and evaluation; and

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

j. In otherwise departing from the applicable standard of medical, obstetric, perinatal, hospital, resuscitative and other care and treatment of plaintiff and Paul Thomas Wilkinson, II.

27. On or about August 20, 1996, Paul Thomas Wilkinson, II, was born at or about 3:28 p.m. Thereafter, until the time of the minor child's transfer from defendant Clinton Memorial to Dayton Children's Hospital on or about August 20, 1996, at 6:15 p.m., the child's care, treatment and resuscitation was under the direction of defendant Merling.

28. During the immediate resuscitation period and neonatal period, the care, attention and treatment provided the minor decedent by defendant Merling was negligent, careless and otherwise deviated from standard approved medical and neonatal practices, resulting in Paul Thomas Wilkinson, II's severe, permanent and irreversible injuries and damages and death. ,

29. Defendant Merling was careless, negligent and departed from standard approved medical and neonatal standards and practices in the following respects, among others:

a. In negligently and substandardly mismanaging Paul Thomas Wilkinson, II's resuscitation and neonatal care and treatment;

b. In failing to timely and appropriately monitor, manage, and treat Paul Thomas Wilkinson, II, during the resuscitation and neonatal period;

c. In failing to perform necessary and indicated laboratory and investigative tests and examinations;

d. In ordering contraindicated medications and treatments;

e. In failing to timely and appropriately resuscitate the child upon his birth;

f. In failing to timely recognize and appropriately treat Paul Thomas Wilkinson, II's severe acidosis;

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

    g.    In failing to timely and appropriately order the emergent transfer of Paul Thomas Wilkinson, II, to a neonatal tertiary care center;

    h.    In negligently mismanaging Paul Thomas Wilkinson, II's care immediately after his birth, including, but not limited to, failing to intubate the newborn in a timely, prompt manner and in otherwise failing to properly resuscitate a clearly depressed newborn; and

    i.    In otherwise departing from the applicable standard of resuscitative and neonatal care and treatment of Paul Thomas Wilkinson II.

30. During the prenatal period, the labor, delivery and birthing process and the neonatal period, the care, attention and treatment provided plaintiff and Paul Thomas Wilkinson, II, by defendant Clinton Memorial was negligent and careless and otherwise deviated from standard approved nursing and hospital practices, resulting in the severe, permanent and irreversible injuries and damages to Paul Thomas Wilkinson, II, and his premature death.

31. Defendant Clinton Memorial was negligent, careless and departed from the applicable standard of care in the following particulars, among others:

    a.    In failing to ensure that adequate, qualified and competent personnel and equipment were present prenatally, before delivery, at the time of delivery and after the delivery of Paul Thomas Wilkinson, II;

    b.    In failing to ensure the plaintiff mother was timely and appropriately evaluated and treated by a physician;

    c.    In failing to timely notify the attending physician, defendant Fauley, of the plaintiff mother's health status and the fetal distress;

    d.    Failing to provide timely, indicated care and treatment of fetal distress;

    e.    In failing to provide adequate monitoring and surveillance of the plaintiff mother's labor and delivery;

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

f.  In failing to have proper functioning hospital equipment;

g.  In failing to perform and carry out the attending physician's orders for the care and treatment of plaintiff and Paul Thomas Wilkinson, II;

h.  Failing to timely place a fetal scalp electrode to evaluate fetal status;

i.  Failing to provide necessary and indicated care and treatment for plaintiff and Paul Thomas Wilkinson, II;

j.  Failing to have adequate and qualified staff and personnel immediately available to perform an emergent cesarean section;

k.  In failing to timely summons qualified staff and personnel to perform an emergent cesarean section;

l.  In failing to appropriately monitor and interpret the fetal heart monitor tracings;

m.  In failing to time and appropriate care for Paul Thomas Wilkinson, II, after his birth;

n.  In failing to properly generate and maintain plaintiff's and Paul Thomas Wilkinson, II's medical records;

o.  In failing to order and/or maintain a record of placenta review analysis and evaluation; and

p.  In otherwise departing from the applicable standard of nursing and hospital practices in its care and treatment of the plaintiff and decedent.

32.   As a direct result of the carelessness and malpractice of defendant Fauley, defendant Merling and defendant Clinton Memorial, individually and jointly, in failing to provide adequate monitoring, surveillance, care and treatment to Paul Thomas Wilkinson, II, the decedent sustained severe and permanent injuries, resulting in a gastrostomy feeding tube, tracheostomy breathing tube, severe visual impairments, conductive hearing loss and other neurologic and

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

developmental injuries and damages, and past medical, hospital, rehabilitation and extraordinary educational expenses, and resulted in his wrongful death.

33.     Because of defendant Fauley's, defendant Merling's and defendant Clinton Memorial's negligence, carelessness and malpractice, Paul Thomas Wilkinson, II, has in the past sustained, among others things, medical and hospital expenses, economic losses, loss of earning capacity, mental anguish, pain and suffering, loss of enjoyment of life, disfigurement and disability, as well as other losses, injuries and damages.

### COUNT II - SURVIVAL CLAIM

Plaintiff hereby adopts by reference paragraphs one through thirty-three (1-33) and, in addition, states:

34.     Defendants Fauley, Merling and Clinton Memorial Hospital's negligence, as above stated, caused Paul Thomas Wilkinson II's catastrophic personal injuries and damages. Joyce Rae Fendall Wilkinson, as the personal representative of his estate, seeks compensation for the decedent's medical and hospital expenses, economic losses, loss of earning capacity, mental anguish, pain and suffering, loss of enjoyment of life, disfigurement and disability, as well as other losses, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs incurred herein and for whatever further relief the Court deems just and equitable.

### COUNT III - WRONGFUL DEATH CLAIM

Plaintiff hereby adopts by reference paragraphs one through thirty-four (1-34) and, in addition, states:

35.     Defendants Fauley, Merling and Clinton Memorial Hospital's negligence, as above stated, caused Paul Thomas Wilkinson II's wrongful death. Joyce Rae Fendall Wilkinson, as

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (fax)
www.huttonlaw.com

the personal representative of his estate, seeks compensation for the loss of support from the reasonably expected earning capacity of the decedent; loss of services of the decedent; loss of the society of the decedent, including loss of companionship suffered by the next of kin; the mental anguish incurred by the decedent's next of kin; as well as other losses, in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs incurred herein and for whatever further relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the location of the trial of this matter to be Cincinnati, Ohio.

Respectfully submitted,

/s/ Anne M. Hull
Anne H. Pankratz (Kansas Bar# 12941)
Mark B. Hutton (Kansas Bar# 10112)
Anne M. Hull (Kansas Bar# 14436)
HUTTON & HUTTON
8100 East 22nd Street North, Building 1200
P.O. Box 638
Wichita, Kansas 67201-0638
Telephone: (316) 688-1166
Facsimile: (316) 686-1077

*-and-*

James R. Cummins (Ohio Bar# 0000861)
BROWN, CUMMINS & BROWN
3500 Carew Tower
441 Vine Street
Cincinnati, Ohio 45202
Telephone: (513) 381-2121
Facsimile: (513) 381-2125

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

*-and-*

Stanley M. Chesley (Ohio Bar# 0000852)
Renee A. Infante
WAITE, SCHNEIDER, BAYLESS & CHESLEY
1513 Fourth & Vine Tower
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262
*Attorneys for Plaintiff*

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of July, 2004, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

*Attorneys for Defendant Kathryn Jean Fauley, M.D.:*

Gayle E. Arnold
Maryellen C. Spirito
ARNOLD, TODARO & WELCH
115 West Main Street, Suite 200
Columbia, OH 43215-5085
Phone: (614) 224-1800
Fax:     (614) 224-2744

*Attorneys for Defendant Mary A. Haneberg Merling, M.D.:*

Brian D. Goldwasser
REMINGER & REMINGER
7 W. 7th Street, Suite 1990
Cincinnati, OH 45202
Phone: (513) 721-1311
Fax:     (513) 721-2553

*Attorneys for Defendant Clinton Memorial Hospital:*

Dee Sheriff-MacDonald
FREUND, FREEZE & ARNOLD
105 E. 4th, Suite 1400
Cincinnati, OH 45202
Phone: (513) 665-3500
Fax:     (513) 665-3503

Daniel J. Buckley
VORYS, SATER, SEYMOUR & PEASE
221 East 4th Street, Suite 2100
Cincinnati, Ohio 45202
Phone: (513) 723-4000
Fax:     (513) 852-8441

/s/ Renee A. Infante

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com