IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **PAUL THOMAS WILKINSON, II**, et al. : | | **CASE NO. C-1-01 288** |
| Plaintiffs, | : | **JUDGE WEBER** |
| v. | : | **DEFENDANT MARY A. HANEBERG MERLING, M.D.'s ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** |
| **KATHRYN JEAN FAULEY, M.D.**, et al. | : | |
| Defendants. | : | |

Comes now Defendant, Mary A. Haneberg Merling, M.D. ("Defendant"), by and through counsel, and for her Answer to Plaintiffs' First Amended Complaint states as follows:

**GENERAL ALLEGATIONS**

1. Defendant admits the allegations contained in paragraph 1 of Plaintiffs' Amended Complaint.

2. Defendant admits the allegations contained in paragraph 2 of Plaintiffs' Amended Complaint.

3. Defendant denies for want of knowledge the allegations contained in paragraph 3 of Plaintiffs' Amended Complaint.

4. This Defendant denies for want of knowledge the allegations contained in paragraph 4 of Plaintiffs' Amended Complaint.

5. This Defendant denies that a physician patient relationship existed between Defendant Merling and Paul Thomas Wilkinson II and at all pertinent times since there is no definition of the pertinent times. Defendant admits remaining allegations contained in paragraph 5 of Plaintiffs' Amended Complaint.

6. Defendant admits the allegations contained in paragraph 6 of Plaintiffs' Amended Complaint.

7. Defendant denies for want of knowledge the allegations contained in paragraph 7 of Plaintiffs' Amended Complaint.

8. Defendant denies for want of knowledge the allegations contained in paragraph 8 of Plaintiffs' Amended Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Amended Complaint.

10. Defendant denies for want of knowledge the allegations contained in paragraph 10 of Plaintiffs' Amended Complaint.

11. Defendant denies for want of knowledge the allegations contained in paragraph 11 of Plaintiffs' Amended Complaint.

## STATEMENT OF FACTS

12. Defendant incorporates by reference her answers to paragraphs 1-11 of Plaintiffs' Amended Complaint as if fully written herein.

12. Defendant denies for want of knowledge the allegations contained in paragraph 12 of Plaintiffs' Amended Complaint.

13. Defendant denies for want of knowledge the allegations contained in paragraph 13 of Plaintiffs' Amended Complaint.

14. Defendant denies for want of knowledge the allegations contained in paragraph 14 of Plaintiffs' Amended Complaint.

15. Defendant denies for want of knowledge the allegations contained in paragraph 15 of Plaintiffs' Amended Complaint.

16. Defendant denies for want of knowledge the allegations contained in paragraph 16 of Plaintiffs' Amended Complaint.

17. Defendant denies for want of knowledge the allegations contained in paragraph 17 of Plaintiffs' Amended Complaint.

18. Defendant denies for want of knowledge the allegations contained in paragraph 18 of Plaintiffs' Amended Complaint.

19. Defendant denies for want of knowledge the allegations contained in paragraph 19 of Plaintiffs' Amended Complaint.

20. Defendant denies for want of knowledge the allegations contained in paragraph 20 of Plaintiffs' Amended Complaint.

21. Defendant admits the allegations contained in paragraph 21 of Plaintiffs' Amended Complaint.

22. Defendant admits the allegations contained in paragraph 22 of Plaintiffs' Amended Complaint.

23. Defendant denies that Paul Wilkinson II's profound injuries and damages were permanent and resulted in his death but admit the remaining allegations contained in paragraph 23 of Plaintiffs' Amended Complaint.

## COUNT I – Claim of Liability

24. Defendant incorporates by reference her answer to paragraphs 1-23 of Plaintiffs' Amended Complaint as if fully written herein.

25. Defendant denies for want of knowledge the allegations contained in paragraph 24 of Plaintiffs' Amended Complaint.

26. Defendant denies the allegations contained in paragraph 25 of Plaintiffs' Amended Complaint.

27. Defendant denies the allegations contained in paragraph 26 of Plaintiffs' Amended Complaint.

28. Defendant denies the allegations contained in paragraph 27 of Plaintiffs' Amended Complaint.

29. Defendant denies the allegations contained in paragraph 28 of Plaintiffs' Amended Complaint.

30. Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Amended Complaint.

31. Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Amended Complaint, including each sub-paragraph.

32. Defendant denies the allegations contained in paragraph 31 of Plaintiffs' Amended Complaint.

33. Defendant denies the allegations contained in paragraph 32 of Plaintiffs' Amended Complaint.

34. Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Amended Complaint.

### Count II- Survival Claim

35. Defendant incorporates by reference her answer to paragraphs 1-33 of Plaintiffs' Amended Complaint as if fully written herein.

36. Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Amended Complaint.

### Count III – Wrongful Death Claim

37. Defendant incorporates by reference her answer to paragraphs 1-34 of Plaintiffs' Amended Complaint as if fully written herein.

38. Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Amended Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' have failed to state a claim upon which relief can be granted.

2. Plaintiffs' decedents injuries were caused by third persons over which this answering Defendant had no control and/or caused by intervening and/or superceding acts of negligence.

3. Plaintiffs' are not the real party in interest to some or all of their claims.

4. Plaintiffs' have failed to join all necessary and/or indispensable parties.

5. Plaintiffs' claims are barred in whole or in part by the applicable Statute of Limitations.

6. Plaintiffs' have failed to mitigate damages.

**WHEREFORE**, having fully answered, Defendant Mary A. Haneberg Merling, M.D. prays that Plaintiffs' Amended Complaint be dismissed, with prejudice, at Plaintiffs' costs.

Respectfully submitted,

**REMINGER & REMINGER, CO., L.P.A.**

/s/ Brian D. Goldwasser
Brian D. Goldwasser (0061926)
Federated Building, Suite 1990
7 West 7th Street
Cincinnati, Ohio  45202
(513) 721-1311
(513) 721-2553 - fax
*Attorney for Defendant, Mary A. Haneberg Merling, M.D.*
bgoldwasser@reminger.com

## JURY DEMAND

Defendant demands a trial by jury.

5

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing has been served via the Court's Electronic Filing System this 15th day of July, 2004 upon:

Anne H. Pankratz,
Mark B. Hutton
Anne M. Hull
HUTTON & HUTTON
8100 East 22nd Street North, Building 1200
P.O. Box 638
Wichita, Kansas  67201-0638

James R. Cummins
BROWN, CUMMINS & BROWN
3500 Carew Tower
441 Vine Street
Cincinnati, Ohio  45202

Stanley M. Chesley
WAITE SCHNEIDER BAYLESS & CHESLEY CO. LPA
1513 Fourth & Vine Tower
One West Fourth Street
Cincinnati, Ohio  45202
*Attorneys for Plaintiff*

                                          /s/ Brian D. Goldwasser
                                          Brian D. Goldwasser (0061926)