IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **JOYCE RAE FENDALL WILKINSON,** | : | **CASE NO.: C-1:01-288** |
| PLAINTIFF, | : | **JUDGE BECKWITH** |
| | | **MAGISTRATE SHERMAN** |
| VS. | : | |
| | | **DEFENDANT, CLINTON** |
| **KATHRYN JEAN FAULEY, M.D., ET AL.** | : | **MEMORIAL HOSPITAL'S** |
| | | **ANSWER TO PLAINTIFFS'** |
| DEFENDANTS. | : | **AMENDED COMPLAINT** |
| | | **FILED ON JULY 13, 2004** |

Comes now Defendant, Clinton Memorial Hospital, by and through counsel, and for its answer to Plaintiff's Amended Complaint states as follows:

### FIRST DEFENSE

1. That the Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

2. The preceding defenses are incorporated by reference as if fully rewritten herein.

### GENERAL ALLEGATIONS

3. Paragraph 1 of Plaintiff's Amended Complaint is admitted.

4. Paragraph 2 of Plaintiff's Amended Complaint is admitted.

5. So much of Paragraph 3 of Plaintiff's Amended Complaint as alleges that Defendant, Kathryn Jean Fauley, M.D. is a physician residing in the state of Ohio is admitted; the balance of said paragraph is denied for want of knowledge.

6. So much of Paragraph 4 of Plaintiff's Amended Complaint as alleges that Defendant Fauley is a licensed practicing physician is admitted; the balance of said paragraph is denied for want of knowledge.

7. So much of Paragraph 5 of Plaintiff's Amended Complaint as alleges that Defendant, Mary A. Haneberg Merling, M.D. is a physician residing in the state of Ohio is admitted; the balance of said paragraph is denied for want of knowledge.

8. So much of Paragraph 6 of Plaintiff's Amended Complaint as alleges that Defendant Merling is a licensed practicing physician is admitted; the balance of said paragraph is denied for want of knowledge.

9. Paragraph 7 of Plaintiff's Amended Complaint is admitted.

10. For answer to Paragraph 8 of Plaintiff's Amended Complaint, Clinton Memorial Hospital states that it is a general hospital organized under Chapter 339 of the Ohio Revised Code, it possesses those duties imposed upon it as a matter of law; the balance of said paragraph is denied.

11. Paragraph 9 of Plaintiff's Amended Complaint is admitted.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 10 of Plaintiff's Complaint and the same is therefore denied for want of knowledge.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the matters asserted in Paragraph 11 of Plaintiff's Complaint and the same is therefore denied for want of knowledge.

## STATEMENTS OF FACTS

14. Defendant hereby restates, realleges and reavers its admissions, denials and affirmative defenses hereinbefore set forth for answer to Paragraphs 1 through 11 inclusive of Plaintiff's Amended Complaint as if fully rewritten herein.

15. For answer to Paragraph 12 of Plaintiff's Amended Complaint Defendant, Clinton Memorial Hospital states that Joyce Rae Fendall Wilkinson was treatment at Clinton Memorial Hospital's prenatal clinic; the balance of said paragraph is denied.

16. Defendant, Clinton Memorial Hospital denies the allegations in Paragraph 13 of Plaintiff's Amended Complaint for the reason that medical records suggest additional and/or different dates of treatment than those asserted in said paragraph; the balance of said paragraph is denied for want of knowledge relative to other potential visits not listed.

17. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 14 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

18. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 15 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

19. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 16 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

20. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 17 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

21. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 18 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

22. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 19 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

23. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 20 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

24. Defendant, Clinton Memorial Hospital admits that the chart reflects some of the information contained in paragraph 21 of Plaintiff's Amended Complaint but denies and/or denies for want of knowledge the truth and/or accuracy of all allegations alleged therein. Any and all allegations or implications of negligence are specifically denied. Answering further this Defendant states that many facts alleged in this and subsequent paragraphs are disputed and Defendant specifically reserves the right to litigate said disputed facts.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

25. Defendant, Clinton Memorial Hospital, admits that so much of Paragraph 22 of Plaintiff's Amended Complaint as states that the infant was thereafter transferred to Defendant, Clinton Memorial Hospital's nursery at 3:53PM; that at 4:00PM Defendant, Merling placed an umbilical artery catheter; that 4:30PM Paul Thomas Wilkinson, II was extubated; that at 4:45PM Paul Thomas Wilkinson, II was transferred to Children's Medical Center in Dayton, Ohio is reflected in the chart but denies for want of knowledge the truth or accuracy of all allegations subject to disputed facts that have arisen during the course of discovery and specifically denies any negligence; the balance of said paragraph is denied for want of knowledge.

26. Defendant denies that Paul Thomas Wilkinson, II's profound injuries and damages were permanent and resulted in his death but admits the remaining allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

## COUNT I - CLAIM OF LIABILITY

27. Defendant hereby restates, realleges and reavers its admissions, denials and affirmative defenses hereinbefore set forth for answer to Paragraphs1 through 23 inclusive of Plaintiff's Amended Complaint as if fully rewritten herein.

28. Paragraph 24 of Plaintiff's Amended Complaint is denied as to the date alleged; answering further this answering Defendant admits that Plaintiff was admitted to Clinton Memorial Hospital on August 20, 1994 and received care and treatment from Defendant, Fauley, Defendant Merling, and Defendant, Clinton Memorial Hospital; the balance of said paragraph is denied for want of knowledge.

29. Paragraph 25 of Plaintiff's Amended Complaint is denied.

30. Paragraph 26 and its subparts a - j of Plaintiff's Amended Complaint are denied.

FREUND, FREEZE & ARNOLD
A Legal Professional Association

31. Paragraph 27 of Plaintiff's Amended Complaint is admitted.

32. Paragraph 28 of Plaintiff's Amended Complaint is denied.

33. Paragraph 29 and its subparts a - i of Plaintiff's Amended Complaint are denied.

34. Paragraph 30 of Plaintiff's Amended Complaint is denied.

35. Paragraph 31 and its subparts a - p of Plaintiff's Amended Complaint are denied.

36. Paragraph 32 of Plaintiff's Amended Complaint is denied.

37. Paragraph 33 of Plaintiff's Amended Complaint is denied.

## COUNT II - SURVIVAL CLAIM

38. Defendant hereby restates, realleges and reavers its admissions, denials and affirmative defenses hereinbefore set forth for answer to Paragraphs 1 through 33 inclusive of Plaintiff's Amended Complaint as if fully rewritten herein.

39. Paragraph 34 of Plaintiff's Amended Complaint is denied.

## COUNT III - WRONGFUL DEATH CLAIM

40. Defendant hereby restates, realleges and reavers its admissions, denials and affirmative defenses hereinbefore set forth for answer to Paragraphs1 through 34 inclusive of Plaintiff's Amended Complaint as if fully rewritten herein.

41. Paragraph 35 of Plaintiff's Amended Complaint is denied.

## THIRD DEFENSE

42. The preceding defenses are incorporated by reference as if fully rewritten herein.

43 If it was negligent, which this answering Defendant continues to deny, and if Plaintiff suffered any injury and damages, which it continues to deny, the direct and proximate cause of said injuries and damages was the contributory negligence of the Plaintiff, which

negligence is greater than that of this defendant, if any, or is of such amount to proportionately reduce the Plaintiff's injuries and damages, if any.

## FOURTH DEFENSE

45. The preceding defenses are incorporated by reference as if fully rewritten herein.

46. If the Plaintiff suffered any injuries or damages, which this answering Defendant continues to deny, the Plaintiff assumed the risk of said injuries or damages.

## FIFTH DEFENSE

47. The preceding defenses are incorporated by reference as if fully rewritten herein.

48. If the incident referred to in the Amended Complaint took place as alleged, which this answering Defendant denies, any negligence as to it, which it continues to deny, was not a substantial factor in proximately causing Plaintiff's damages.

## SIXTH DEFENSE

49. The preceding defenses are incorporated by reference as if fully rewritten herein.

50. Plaintiff's injuries and damages, if any, were caused by other independent, unforeseeable, intervening and superseding causes for which this answering Defendant is not liable.

## SEVENTH DEFENSE

51. The preceding defenses are incorporated by reference as if fully rewritten herein.

52. If the incident referred to in the Amended Complaint took place as alleged, which this answering Defendant specifically denies, any act, omission or negligence was the result of conduct by a third party over whom this answering Defendant had no authority or control and apportionment and/or setoff is specifically requested herein.

## EIGHTH DEFENSE

53. The preceding defenses are incorporated by reference as if fully rewritten herein.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

54. Plaintiff has failed to name necessary and/or indispensable parties necessary for just adjudication pursuant to F.R.C.P. 19.

## NINTH DEFENSE

55. The preceding defenses are incorporated by reference as if fully rewritten herein.

56. If the Plaintiff suffered any injuries or damages as alleged in the Amended Complaint, said injuries and damages were the result of an unforeseeable and untoward series of events and circumstances over which this answering Defendant had no control and which constituted an act of nature for which this answering Defendant cannot be liable.

## TENTH DEFENSE

57. The preceding defenses are incorporated by reference as if fully rewritten herein.

58. Plaintiff's claims are barred in whole or in part by the expiration of time and the statute of limitations.

## ELEVENTH DEFENSE

59. The preceding defenses are incorporated by reference as if fully rewritten herein.

60. The injuries and damages of which Plaintiff complains, if any, were the direct and proximate result of unavoidable risks and/or complications of the appropriate medically indicated treatment and procedures received by plaintiff and were the subject of the Plaintiff's informed consent and plaintiffs assumed the risks thereof.

## TWELFTH DEFENSE

61. The preceding defenses are incorporated by reference as if fully rewritten herein.

62. No act or omission by this answering Defendant was the direct and proximate cause of any injury, disability or damage to Plaintiff.

**FREUND, FREEZE & ARNOLD**
**A Legal Professional Association**

### THIRTEENTH DEFENSE

63. The preceding defenses are incorporated by reference as if fully rewritten herein.

64. Any injury, disability or damage sustained by Plaintiff was the direct and proximate result of pathology which developed without fault or participation by this answering Defendant and which is inherent in the disease with which Paul Thomas Wilkinson, II, was afflicted.

### FOURTEENTH DEFENSE

65. The preceding defenses are incorporated by reference as if fully rewritten herein.

66. Defendant, Clinton Memorial Hospital, hereby gives notice that it intends to rely on and utilize any and all other affirmative defenses, avoidances, third party claims, cross claims and counterclaims which become available or apparent during the course of discovery or trial and hereby reserves the right to amend this answer to assert such defenses.

### FIFTEENTH DEFENSE

67. The preceding defenses are incorporated by reference as if fully rewritten herein.

68. Defendant, Clinton Memorial Hospital, hereby denies any and all allegations not specifically admitted herein to be true.

**WHEREFORE**, having fully answered, Defendant, Clinton Memorial Hospital, prays:

1. That the Complaint against it be dismissed and that it be permitted to go hence without delay.
2. For any and all other relief to which it may appear entitled.
3. For any and all applicable setoffs.
4. For a trial by jury on all triable issues herein.

        Respectfully submitted,

/s/ Dee Sheriff-MacDonald
Dee Sheriff-MacDonald   (0025443)
Judd R. Uhl  (0071370)
FREUND, FREEZE & ARNOLD
105 E. Fourth Street, Suite 1400
Cincinnati, OH  45202
(513)  665-3500 |(513) 618-3922 - Fax
dsheriff@ffalaw.com
juhl@ffalaw.com
Attorneys for Defendant, Clinton
Memorial Hospital


/s/ Daniel J. Buckley by Dee Sheriff-MacDonald
Daniel J. Buckley
VORYS, SATER, SEYMOUR & PEASE
Suite 2100, Atrium Two
221 East Fourth Street
Cincinnati, OH  45201-0236
djbuckley@vssp.com
Of Counsel for Defendant, Clinton
Memorial Hospital

## CERTIFICATE OF SERVICE

    I certify that a true and accurate copy of the foregoing has been sent to the following counsel via CMECF/electronic mail or regular US Mail on this 16TH day of July, 2004:

| | |
|---|---|
| **Anne H. Pankratz, Esq.** | *via regular mail* |
| **Mark B. Hutton, Esq.** | *via regular mail* |
| **Anne M. Hull, Esq.** | *via regular mail* |
| **J. Darin Hayes, Esq.** | *via regular mail* |

Attorneys for Plaintiffs
Hutton & Hutton
8100 East 22nd Street North
Building 1200
P.O. Box 638
Wichita, KS  67201-0638

| | |
|---|---|
| **Stanley Chesley, Esq.** | *stanchesley@wsbclaw.cc* |
| **James Cummins, Esq.** | *jcummins@wsbclaw.cc* |
| **Renee Infanté, Esq.** | *ReneeInfante@wsbclaw.cc* |
| **Terrence Lee Goodman, Esq.** | *terrygoodman@wsbclaw.cc* |

Attorney for Plaintiffs
Waite, Schneider, Bayless & Chesley
1513 Fourth & Vine Tower
Cincinnati, OH  45202

**Gayle E. Arnold, Esq.**                                     *via regular mail*
**Maryellen Spirito, Esq.**                                  *mspirito@arnoldlaw.com*
Attorney for Defendant Fauley
Arnold & Associates
115 W. Main Street, Suite 200
Columbus, OH  43215-5085

**Brian Goldwasser, Esq.**                                *bgoldwasser@reminger.com*
Attorney for Defendant Merling
Reminger & Reminger
Federated Building, Suite 1990
7 West Seventh Street, Cincinnati, OH  45202


                                                  /s/ Dee Sheriff-MacDonald
                                                Dee Sheriff-MacDonald
                                                Judd R. Uhl