IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| JOYCE RAE FENDALL WILKINSON, as Personal Representative and Administratrix of the ESTATE of PAUL THOMAS WILKINSON, II, | ) ) ) ) Case No. C-1-01288 |
| Plaintiffs, | ) ) Judge Beckwith ) Magistrate Black |
| vs. | ) ) |
| KATHRYN JEAN FAULEY, M.D.; MARY A. HANEBERG MERLING, M.D.; and CLINTON MEMORIAL HOSPITAL, | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF'S MEMORANDUM OF LAW ADDRESSING PEREMPTORY CHALLENGES**

COMES NOW JOYCE RAE FENDALL WILKINSON, as Personal Representative and Administratrix of the ESTATE of PAUL THOMAS WILKINSON, II, and submits the following Memorandum of Law addressing the allocation of peremptory challenges, as invited by the Court at the Pretrial Conference held on October 18, 2004. In support of the plaintiff's position, she offers:

**I.   Nature of the Case.**

This is both a survival action and wrongful death action, stemming from the obstetrical care and treatment of Joyce Wilkinson during her labor and delivery of Paul Wilkinson, now deceased, as well as his care and treatment as a neonate at Clinton Memorial Hospital. The plaintiff seeks compensatory damages against Clinton Memorial Hospital, Joyce Wilkinson's

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

attending obstetrician, Defendant Fauley, and Paul Wilkinson's attending pediatrician, Dr. Merling. The Court's jurisdiction is premised on diversity of citizenship.

**II.    The Issue**.

At the Pretrial Conference, the Court announced it would allow the plaintiff four peremptory challenges. In turn, the three defendants requested the same number of challenges for each individual defendant. The Court allowed the parties to submit briefs on the issue on or before October 22, 2004. In accordance, the plaintiff submits this brief and defines the issue as:

> MAY THE COURT IN EXERCISING ITS DISCRETIONARY AUTHORITY ALLOW EACH DEFENDANT FOUR PEREMPTORY CHALLENGES, THEREBY TOTALING TWELVE DEFENSE CHALLENGES TO PLAINTIFF'S FOUR CHALLENGES?

**IV.    Arguments and Authorities**

The Congress of the United States has codified the issue before the Court.

28 U.S.C. § 1870 provides:

> In civil cases, each party shall be entitled to three peremptory challenges. Several defendants or several plaintiffs may be considered as a single party for the purposes of making challenges, or the court may allow additional peremptory challenges and permit them to be exercised separately or jointly.
>
> All challenges for cause or favor, whether to the array or panel or to individual jurors, shall be determined by the court.

More particularly, the first paragraph of 28 U.S.C. § 1870 applies to the issue before the Court in determining: whether the three defendants may be considered as a single party to exercise peremptory challenges; or if the Court may allow each defendant to have four peremptory challenges; or lastly, if the Court may allow somewhere in between. As applied to

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

the facts of this case, the central issue is whether the three defendants are so aligned in interest to limit them to a total of four challenges or whether the three defendants are not so aligned as to grant them upward of four challenges.

It is well settled that a trial court has broad discretion under 28 U.S.C. § 1870 to allocate peremptory challenges and to set the procedure and manner in which the challenges are executed. *United States v. Mosely,* 810 F.2d 93, 97 (6th Cir.)(citing *Gafford v. Star Fish & Oyster Co.*, 475 F.2d 767 (5th Cir.1973)), *cert. denied,* 484 U.S. 841, 108 S.Ct. 129 (1987); *Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856 (3d Cir.1978). Similarly, the standard of review for allocation of peremptory challenges in a multiparty civil case, such as this, is whether the trial court abused its discretion. *See Fedorchick v. Massey-Ferguson, Inc.*, 577 F.2d 856 (3rd Cir. 1978).

Under the abuse of discretion standard, a reviewing court has upheld the discretionary decision of the lower court in granting three peremptory challenges to each of two plaintiffs, making a total of six for the plaintiffs, and granting two peremptory challenges to each of five defendants, making a total of 10 challenges for the defendants. *See Standard Industries, Inc. v Mobil Oil Corp.,* 475 F2d 220(10th Cir.), *cert. den.*, 414 US 829, 94 S Ct 55, 94 S Ct 56, 94 S Ct 61 (1973). This decision in a multi-party action sanctioned a 6 to 10 ratio (or to be more precise a 3:5 ratio) of challenges.

Here, the defense wants three challenges for every one of plaintiff's challenges. This in of itself suggests an unfair playing field. Certainly, the defendants are united in interest in securing a defense verdict at trial and stopping the plaintiff from recovering any damages. Certainly, the defense is united on an alternate causation theory. But then, the united front starts

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

to unravel. Each defendant has raised the issue of comparative negligence and seeks to apportion any award of damages to others than itself or herself. The issue becomes even more murky when the issues of agency, the loaned servant doctrine and vicarious liability are factored into the equation. What can be said is that the defendants are a hybrid group; neither totally united nor entirely fractioned.

This being so, the plaintiff offers that a hybrid resolution is fitting and requests the Court to **not** grant four challenges for each defendant, but to allow a total of six to eight challenges to be shared among the defense. This hybrid allocation would mirror the reality of the competing and shared interests among the defendants..

Although the Court's discretion is plenary, it is not without limits. For example, in an action brought against a surgeon and his professional association, in which the plaintiff alleged medical malpractice, the appellate court found the lower court wrongly allocated three challenges per defendant, thus giving the defense six challenges to plaintiff's three. *Goldstein v. Kelleher*, 728 F2d 32 (1st Cir.), *cert denied*, 83 L Ed 2d 107, 105 S Ct 172 (1984). Six to three is a 2:1 ratio, while here the defense wants a 3:1 ratio. Any judicial honoring of such a request would invite a challenge that the same would be outside the limits of the Court's discretionary authority. For example, in *In re Air Crash Disaster*, 86 F.3d 498 (6th Cir. 1996), the Court found three defense challenges for each of the plaintiff's challenge would be inequitable, and perhaps an abuse of discretion.

While the plaintiff would favor a 1:1 ratio, she acknowledged the fuzzy lines of the defense and offers no opposition to six and even eight defense challenges, while asserting any

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

number of defense peremptory challenges totaling greater than eight would be an abuse of discretion.

## V. Conclusion

WHEREFORE, the plaintiff prays the Court in its exercise of discretionary authority fashion an order which is just and equitable.

          Respectfully submitted,

/s/ Renee A. Infante
Anne H. Pankratz (Kansas Bar# 12941)
Mark B. Hutton (Kansas Bar# 10112)
Anne M. Hull (Kansas Bar# 14436)
HUTTON & HUTTON
8100 East 22nd Street North, Building 1200
P.O. Box 638
Wichita, Kansas 67201-0638
Telephone: (316) 688-1166
Facsimile: (316) 686-1077

    *-and-*

Stanley M. Chesley (Ohio Bar# 0000852)
James R. Cummins (Ohio Bar# 0000861)
Renee A. Infante (Ohio Bar # 0052142)
WAITE, SCHNEIDER, BAYLESS & CHESLEY
1513 Fourth & Vine Tower
Cincinnati, Ohio 45202
Telephone: (513) 621-0267
Facsimile: (513) 621-0262
*Attorneys for Plaintiffs*

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of October, 2004, I presented the foregoing to the clerk of the court for filing and uploading to the CM/ECF system which will send a notice of electronic filing to the following:

*Attorneys for Defendant Kathryn Jean Fauley, M.D.:*

Gayle E. Arnold
Maryellen C. Spirito
ARNOLD, TODARO & WELCH
115 West Main Street, Suite 200
Columbia, OH 43215-5085
Phone: (614) 224-1800
Fax:    (614) 224-2744

*Attorneys for Defendant Mary A. Haneberg Merling, M.D.:*

Brian D. Goldwasser
REMINGER & REMINGER
7 W. 7th Street, Suite 1990
Cincinnati, OH 45202
Phone: (513) 721-1311
Fax:    (513) 721-2553

*Attorneys for Defendant Clinton Memorial Hospital:*

Dee Sheriff-MacDonald
FREUND, FREEZE & ARNOLD
105 E. 4th, Suite 1400
Cincinnati, OH 45202
Phone: (513) 665-3500
Fax:    (513) 665-3503

Daniel J. Buckley
VORYS, SATER, SEYMOUR & PEASE
221 East 4th Street, Suite 2100
Cincinnati, Ohio 45202
Phone: (513) 723-4000
Fax:    (513) 852-8441

HUTTON
& HUTTON
Law Firm, L.L.C.

Tallgrass Exec. Park
8100 E. 22nd St. N.
Building 1200
Wichita, Kansas
67226-2312

Mailing Address:
P.O. Box 638
Wichita, Kansas
67201-0638

316.688.1166
316.686.1077 (*fax*)
www.huttonlaw.com